WILLIAM R. ARCHER, plaintiff in error, *v.* WILLIAM Ross, defendant in error.

*Error to Pike.*

A judge of a Circuit Court has no authority to appoint a special term of a Court, to commence at a time when he is required by law to hold Court in another county.

Reasonable notice should be given of the time of holding a special term of a Circuit Court.

*Semble,* That a judge of a Circuit Court, in appointing a special term, should conform to § 5 of the act of 1837.

THIS was an action commenced before a justice of the peace, of Pike county, by Ross against Archer, on an account for the interest due on a note for $400, the interest being made payable annually. Judgment was rendered by the justice for the sum of $48 against Archer, from which an appeal was taken by Archer to the Circuit Court.

At the September special term of the Circuit Court of Pike county, 1839, the cause was tried by the Court without a jury, and the judgment of the justice affirmed, the Hon. William Thomas presiding.

J. A. McDOUGALL, for the plaintiff in error.

W. A. GRIMSHAW and C. WALKER, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :

The point presented in this case, involves a question of the power of the judge of the Circuit Court of Pike county, to award a special term ; and the appointing of a day for the holding thereof, which interfered with the duty of the judge to sit in another county. The power of the circuit judge to award a special term of the Circuit Court in his circuit, is derived from the 5th section of the " *Act fixing the terms of the Circuit Courts, in the first, sixth, and seventh circuits,*" (1) passed March 4th, 1837 ; and the 4th section of " *An act regulating the times of holding the Supreme and Circuit Courts,*" (2) passed 13th of February, 1835. It appears from the record, that on the last day of the term of the Circuit Court of Pike county, the presiding judge ordered and appointed a special term of the Pike Circuit Court, to be holden on the next day, being on Thursday, the 12th of September, 1839. This was the day the judge of the first circuit was required by law to hold a Circuit Court in the county of Calhoun. It was the day of the commencement of the regular term in that

(1) Acts of 1837, 112 ; Gale's Stat. 193.
(2) Acts of 1835, 167 ; Gale's Stat. 184.

county ; and the law imperatively required the judge to attend and open such Court at such time, if practicable. On the ground of the direct interference with this duty, we are of opinion that the special term was unauthorized. The term of the Pike Circuit Court had expired by the limitation of law, and the judge would have been justified in adjourning the Circuit Court of Pike, before the time limited for its expiration, if it became necessary to do so, for the purpose of travelling to the county seat of Calhoun, in order to commence the term on the day appointed by law.

Between the two sections of the acts cited, there is some difference of power ; but both evidently look to reasonable notice being given of the special term authorized, and contemplated the summoning of new grand and petit jurors for the special term.

The fifth section of the act of 1837, is specific, and requires twenty days notice to be given by the clerk, to the sheriff of the county, of the appointment of the term ; and the sheriff is to put up notices in five of the most public places of the county, of the holding of such term. The fourth section of the act of 1835, does not require notice, but it evidently intends that a reasonable time shall intervene, between the day of ordering the Court, and the day of the commencement of its session. This we think should have been observed, and is an additional reason why the order ought not to be considered the due exercise of the power granted by either of the acts cited. The Court would intimate that perhaps the exercise of this power of appointing special terms should be in conformity with the fifth section of the act of 1837. It would seem more conducive to a proper exercise of this power.

For the reasons stated, we are of opinion that the special term was a nugatory proceeding, — necessarily without authority, and therefore absolutely void.

The judgment is reversed with costs, and the cause remanded with instructions to award a *venire de novo*.

*Judgment reversed.*

*Note.* See Goodsell *et al. v.* Boynton *et al.*, 1 Scam. 555.

If a circuit judge continue over his court, and open and hold it in one county, and give judgment in a cause, when he should by law, be in another county, and open and hold the court there, the judgment will be *coram non judice* and void, though the statute provides that he shall continue to hold, &c. until he shall deem it necessary to rise, that he may go to the next court. Gregg *v.* Cooke, Peck 82.

A judgment rendered in the superior court in one county, on the day when the General Court of Virginia was directed by law to be held in another county, was held to be legally rendered, though it was the duty of the judge to attend at the session of the General Court ; the distance between the places, where the two courts were held, being judicially known to the court to be distant from each other only three hours' ride. Mendum *v.* Commonwealth, 6 Rand. 704.